MARK ROLLINS, county treasurer, *vs.* LEVI LASHUS.

Kennebec. Opinion December 19, 1882.

*Promissory notes. Intoxicating liquors. R. S., c. 135, § 12; c. 82, § 13; c. 27, § 29.*

A note given in pursuance of the provisions of R. S., c. 135 § 12, payable to D P, treasurer of the county of K, may, under R. S., c. 82, § 13, be enforced by suit in the name of his successor though not expressly made payable to the successors of the payee.

Revised Statutes, c. 27 § 29, is not to be so construed as to inflict both fine and imprisonment of sixty days.

L was convicted of being a common seller of intoxicating liquor and was sentenced to pay a fine of one hundred dollars and costs, "and in default of

payment to stand committed according to law." *Held,* That when he had undergone sixty days imprisonment his note to the county treasurer for the amount of his fine and costs, if voluntarily given is without consideration, and if required as a condition of his release is void for duress.

ON REPORT on agreed statement.

The opinion states the case.

*Herbert M. Heath,* county attorney, for the plaintiff, submitted without argument.

*F. A. Waldron,* for the defendant.

BARROWS, J.   The agreed statement upon which this case is presented, shows the following facts.   The defendant was convicted of being a common seller of intoxicating liquors, at the March term of the Supreme Judicial Court in 1871, and on the first day of the following August term, (which by the record appears to have been the first day of said August,) was sentenced to pay a fine of one hundred dollars, and costs taxed at fifty-three dollars and forty-three cents, and in default of payment was committed to the county jail, from whence he was discharged on the twenty-ninth of September following, upon giving the note in suit.

The plaintiff is the successor in office of Daniel Pike, who was county treasurer when the note was given.   One of the objections to the maintenance of the action suggested in argument by the defendant, is that the note not being expressly made payable to Pike's successors in office, the plaintiff is not the proper party. This objection is not tenable.   R. S., c. 82, § 13.   But there is another which we think is fatal to the suit.   The mittimus shows that defendant was sentenced to pay the fine and cost, and " in default of payment to stand committed according to law."   The law thus referred to, is R. S., c. 27, § 29, which orders that the offender "shall be punished by fine of one hundred dollars and costs of prosecution, and in default of the payment thereof he shall be imprisoned sixty days in the county jail," which punishment, according to the agreed statement, defendant seems to have undergone.   This term of imprisonment was apparently regarded by the law makers as the proper alternative in case of

the non-payment of the fine.    We do not think the provision can rightly be construed so as to subject the defendant to both punishments.    It is notably different in its tenor from the provisions in § 28 of the same chapter, where special reference is made to R. S., c. 135, § 12, which provides for and regulates the taking of the notes of poor convicts for fines and costs.

It follows that if defendant gave the note in suit voluntarily, it is invalid for want of consideration.    If compelled to do it in order to obtain his release at the end of sixty days' imprisonment, it is void for duress,—in either case not collectible.    It is said in the agreed statement, that "the note declared on is claimed to have been given under § 12 of c. 135 of the R. S." But, under the provisions of that section, the defendant, if he had not been detained by an alternative sentence for a longer period, would seem to have been entitled to be liberated by the sheriff after thirty days from his commitment, upon giving his note, &c.    The case does not show that the note was given under that section.

The foregoing view being decisive as to the result, it is not necessary to consider the other points made by defendant.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.